UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANN EVERT HART,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.: 23-CV-1442-CAB-BLM<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 5] |

  This matter is before the Court on a motion to dismiss filed by Defendant the United States of America. [Doc. No. 5.] The motion was filed on October 6, 2023, and set a hearing date (for briefing purposes only) of November 13, 2023. Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of November 13, 2023, Plaintiff's opposition to the motion to dismiss was due on October 30, 2023. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* S.D. Cal. CivLR 7.1.f.3.c.

  District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before

1

dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to file anything with this Court since the case was removed here, including failing to oppose the motion to dismiss, indicates that Plaintiff has abandoned this lawsuit and consents to the granting of the motion to dismiss. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to Defendant by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, Plaintiff's lack of opposition is unsurprising considering that for all of the reasons set forth in the motion to dismiss, the Court lacks subject matter jurisdiction over Plaintiff's claim. Therefore, the Court assumes the lack of opposition to Defendant's motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion.

Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition and because the Court is persuaded by Defendant's arguments for dismissal for lack of subject matter jurisdiction. The complaint is therefore **DISMISSED.** The Clerk of Court is instructed to **CLOSE** this case.

It is **SO ORDERED.**

Dated:  November 6, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge